**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| 707 G STREET RESTAURANT, LLC, : <br> *Plaintiff*, : <br> : <br> v. : <br> : <br> JEMAL'S MICKELSON, L.L.C., : <br> PHILLIP'S SEAFOOD-TEN TAVERN : <br> AND GRILL, LLC, and DOUGLAS : <br> DEVELOPMENT CORPORATION, : <br> *Defendants*. : | CIVIL ACTION <br> NO. 19-474 |

**MEMORANDUM**

**JONES, J.**                                                                                            February 7, 2020

Plaintiff 707 G Street Restaurant, LLC ("Plaintiff" or "G Street") brings this action against Jemal's Mickelson, LLC ("JM"), Phillip's Seafood-Ten Tavern and Grill, LLC ("Ten Tavern"), and Douglas Development Corporation ("Douglas") for breach of contract, fraudulent inducement, tortious interference with contractual and/or prospective contractual and business relations, among other claims. Defendants JM and Douglas move to have the case dismissed or transferred to the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a), or in the alternative, transferred to that district pursuant to 28 U.S.C. § 1404(a). *See* ECF No. 7. Plaintiff opposes Defendants' motion. *See* ECF No. 9. For the reasons that follow, the Court finds venue to be improper in this district, and therefore grants moving Defendants' motion to transfer this case to the District of Columbia pursuant to § 1406(a).

**I.     BACKGROUND**

Plaintiff's Amended Complaint centers on the alleged assignment of the leasehold for a commercial space situated in the District of Columbia, and alleges the following facts:

In March 2018, Ten Tavern, "with the knowledge, understanding, and permission of [its] landlord JM," contacted Mr. Charles Ercole to ask whether he would be interested in taking assignment of the lease for the second floor of the building located at 707–09 G Street, N.W., Washington, D.C. 20001 (the "Property" or "Premises"). Am. Compl. ¶¶ 25–30. At that time, the Property was leased from JM to Ten Tavern, where Ten Tavern operated a sports bar. *Id.* After follow-up discussions, Mr. Ercole informed JM and Ten Tavern of his intention to take assignment of the leasehold for the Property, where he planned to open his own sports bar. *Id.* at ¶ 39. From May 2018 through August 2018, Mr. Ercole and G Street—the entity he formed to serve as the tenant under the lease assignment—engaged in various activities in preparation for the opening of the new sports bar, including: applying for business and alcohol licenses, obtaining insurance coverage, ordering signage for the Property and obtaining the requisite permits, cleaning the Property, and making repairs and improvements to the Property. *Id.* at ¶ 41.

Plaintiff alleges that the parties engaged in numerous communications throughout this time period regarding the terms of the assignment, but that once all material terms were agreed to and the contract was circulated for execution, JM informed Ten Tavern it was no longer interested in proceeding with the lease assignment. *Id.* at ¶¶ 42–46. Plaintiff asserts that Defendant Douglas, "a business affiliate of JM," was at least partially responsible for influencing JM in its alleged decision to renege on the agreement between the parties, claiming that Douglas "determined that the transaction would interfere with its plans to obtain more lucrative office and commercial tenants," and as a result, "directed JM to end the transaction" with Plaintiff. *Id.* at ¶¶ 49–52. Plaintiff alleges that Defendant Douglas "is a corporation believed to have been

formed under the laws of the District of Columbia or the State of Maryland, with a business address of 702 H Street NW, Suite 400, Washington, D.C. 20001." *Id.* at ¶ 19.

Defendants JM and Douglas contend that venue is improper in this district, as the requirements set forth in 28 U.S.C. § 1391(b) have not been satisfied. Subsection (2) of that statute provides that venue properly lies in a judicial district in which a substantial part of the events or omissions giving rise to a claim occurred, and Defendants argue that all substantial parts of the events giving rise to Plaintiff's claims occurred in the District of Columbia. Specifically, Defendants assert that Plaintiff's claims revolve around "negotiations and actions relate[d] to the Premises which is located in the District of Columbia, damages arising from alleged visits by Plaintiff to the District of Columbia[,] and the Plaintiff attempting to enforce an agreement requiring disputes be resolved in the District of Columbia." ECF No. 7-1 at 5. Defendants further assert that the assignment contract and original lease that is the subject of the assignment contract both contain forum-selection clauses requiring any litigation to be brought in the District of Columbia, which, according to Defendants, provides another basis to dismiss or transfer the case. Defendants argue in the alternative for transfer of the matter "in the interest of justice" and for the "convenience of [the] parties and witnesses" pursuant to 28 U.S.C. § 1404(a).

Plaintiff opposes Defendants' motion, arguing that venue does properly lie in this district under § 1391(b)(2). According to Plaintiff, "JM reached out to G Street in Pennsylvania"; "G Street wrote out a deposit from its Pennsylvania bank account"; and the "harm suffered by G Street . . . was in Philadelphia, Pennsylvania," which Plaintiff concludes "is more than enough for venue to be laid in this Court." ECF No. 9 at 16. As to Defendants' forum-selection-clause argument, Plaintiff counters that "moving defendants have denied that they had any intent to be bound" by the assignment contract containing the forum-selection clause, that it "would be

unreasonable to enforce the forum selection clause under the circumstances," and that Defendant Douglas is not a "party to the contract that contains the forum selection clause" and should therefore not benefit from it. *Id.* at 16–19. Plaintiff also opposes Defendants' alternative argument for transfer under § 1404(a), arguing that all relevant "factors weigh in favor of keeping venue in this district." *Id.* at 22.

## II.   LEGAL STANDARDS

As federal jurisdiction is this case is based on diversity of citizenship, 28 U.S.C. § 1391(b) sets forth the potential bases for venue. That statute provides that venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff argues that venue properly lies in this district pursuant to subsection (2), i.e., that "a substantial part of the events or omissions giving rise to the claim occurred" here.[1] "The leading Third Circuit case interpreting this venue provision . . . is *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994)." *Kalman v. Cortes*, 646 F. Supp. 2d 738, 741 (E.D. Pa. 2009). In *Cottman*, the court explained that § 1391(b)(2) should be understood and applied as follows:

---

[1] Defendants state that § 1391(b)(1) is inapplicable because "not all defendants in this action are residents of Pennsylvania," which Plaintiff does not contest. Section 1391(b)(3) is likewise inapplicable because "there is at least one venue"—the District of Columbia—"in which venue is proper." *Crayola, LLC v. Buckley*, 179 F. Supp. 3d 473, 477 n.2 (E.D. Pa. 2016).

> [T]he [] statutory language [] favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be "substantial." Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute.

*Cottman*, 36 F.3d at 294. The Third Circuit further instructed that, "[a]lthough the statute no longer requires a court to select the 'best' forum, the weighing of 'substantial' may at times seem to take on that flavor." *Id.* (quoting *Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994)).

### III. DISCUSSION

A survey of relevant cases applying §1391(b)(2) in similar contexts makes clear that venue for this dispute does not properly lie in this district. In *Loeb v. Bank of America*, 254 F. Supp. 2d 581, 587 (E.D. Pa. 2003), the plaintiff argued that "three substantial acts" rendered venue appropriate in the Eastern District of Pennsylvania: "(1) voluminous correspondence with the plaintiff who resides in the district; (2) telephone calls with the plaintiff at his home in the district; [and] (3) economic harm that had its *impact* in this district." (internal quotation marks omitted). The court disagreed, and held that the "correspondence and telephone calls" cited by the plaintiff were "woefully insufficient to establish venue" here. *Loeb*, 254 F. Supp. 2d at 587. As for the plaintiff's argument that the impact of his "economic harm in this district [was] sufficiently substantial to establish venue," the court determined that, "[i]n *Cottman*, the Third Circuit clearly rejected th[at] reasoning," and consequently held that "Loeb's allegations of harm in this district [were] insufficient to meet the 'substantial' requirements" of the venue statute. *Id.* The same argument was expressly rejected again in *Crayola, LLC v. Buckley*, 179 F. Supp. 3d 473, 478 (E.D. Pa. 2016), where the court observed: "if financial harm alone was sufficient to

5

establish venue, the protections of § 1391 would be rendered meaningless because a plaintiff could almost always bring suit in any district in which the plaintiff then resided."

Similarly, in *Henshell Corp. v. Childerston*, No. 99-cv-2972, 1999 WL 549027, at *4 (E.D. Pa. July 28, 1999), the plaintiff argued that venue was "proper in this district because [the defendant] contracted with a Pennsylvania corporation to provide services, sent documents to [the plaintiff's] Pennsylvania address[,] and contacted [the plaintiff] at its Pennsylvania offices." (internal quotation marks omitted). The plaintiff further argued that "because the harm it suffered . . . occurred in this district, venue [was] also proper." *Henshell*, 1999 WL 549027, at *4. As in *Loeb* and *Crayola*, the court held that the cited Pennsylvania connections were "more tangential than substantial" and therefore did "not establish that venue [was] proper in this district." *Id. See also TJF Assocs., LLC v. Kenneth J. Rotman & Allianex, LLC*, No. 05-cv-705, 2005 WL 1458753, at *7 (E.D. Pa. June 17, 2005) (finding venue improper in this district in breach of contract action; "[e]ven through the [a]greement itself was negotiated by means of e-mails and phone calls purposefully directed into Pennsylvania, those contacts, which relate exclusively to the formation of the [a]greement, are both logistically and conceptually distinct from the circumstances relating to the alleged breach of the [a]greement").

Plaintiff makes the following argument for the propriety of venue in this district: "JM reached out to G Street in Pennsylvania. G Street wrote out a deposit from its Pennsylvania bank account. All harm suffered by G Street—including harm suffered by it at the hands of both JM and Douglas—was in Philadelphia, Pennsylvania." ECF No. 9 at 16. The problem for Plaintiff, of course, is that these alleged Pennsylvania-based connections are precisely what have been repeatedly found to be insufficient bases for establishing venue in this district. *See Loeb*, 254 F. Supp. 2d at 587 (finding "correspondence and telephone calls" cited by the plaintiff "woefully

6

insufficient to establish venue in this district"); *Crayola*, 179 F. Supp. 3d at 478 ("if financial harm alone was sufficient to establish venue, the protections of § 1391 would be rendered meaningless"); *Henshell*, 1999 WL 549027, at *4 (finding the defendant's communications directed to the plaintiff in the district and fact that the plaintiff suffered harm in the district insufficient to establish venue).[2]

  This case concerns a leasehold for a commercial property situated in the District of Columbia. Plaintiff's claims are, in part, premised on actions taken by both it and Defendants on the site of that property in the District of Columbia. *See* Am. Compl. ¶ 86 ("G Street's reliance on the representations of defendants JM and Ten Tavern was reasonable—again, these representations were corroborated by the actions of defendants, including defendants allowing access for G Street to make improvements to the Premises."); *Id.* at ¶ 87 ("JM and Ten Tavern further knew that G Street was incurring expense to purchase signage and obtain the necessary licenses and permits to do business at the Premises as a sports bar."). And Plaintiff relies upon its actions taken on the Property to support its claims for damages. *See id.* at ¶¶ 53, 56, 77–79, 89. In short, every "substantial part of the events . . . giving rise" to Plaintiff's claims occurred

---

[2] Plaintiff relies on *American Envtl. Servs., Inc. v. Metalworking Lubricants Co.*, 634 F. Supp. 2d 568, 572–73 (W.D. Pa. 2009) to support its argument, but the court in that case analyzed whether venue was proper under what is now § 1391(b)(1)—which confers venue based upon the defendant's state of residency—as opposed to §1391(b)(2), which contains the "substantial part of the events or omissions giving rise to the claim" standard Plaintiff attempts to invoke here. Accordingly, when the court discussed the defendant's communications sent into the Western District of Pennsylvania in that case, it was for purposes of evaluating with which of Pennsylvania's three federal judicial districts the defendant had the most significant contacts—a question without relevance here.

in the District of Columbia, which is therefore the proper venue for this dispute. 28 U.S.C. 1391(b)(2).[3]

As venue is improper in this district, § 1406(a) requires the Court to either dismiss, or if it is in the interest of justice, transfer the matter to a district in which it could have originally been filed. The Court finds it to be in the interest of justice to transfer the case to the District of Columbia so as to not "needlessly increase the cost of the action, requiring [Plaintiff] to commence a new action in a new forum." *Crayola*, 179 F. Supp. 3d at 480; *see also Loeb*, 254 F. Supp. 2d at 588 ("As venue is inappropriate in this district, the court will, in the interests of justice, transfer this action to the District of Maryland, where the action could have been brought originally."); *Henshell*, 1999 WL 549027, at *4 ("As venue is inappropriate in this district, the court will, in the interests of justice, transfer this action to the District of Delaware, where the action could have been brought originally.").[4]

---

[3] While the Court need not, and therefore does not, reach Defendants' alternative argument regarding the applicability of the lease assignment's forum-selection clause, the Court notes the dissonance of Plaintiff's position in arguing for the enforceability of the assignment contract—which Plaintiff alleges it assented to and formally executed—while simultaneously seeking to avoid application of the assignment contract's mandatory forum-selection clause requiring litigation arising thereunder to be filed in the District of Columbia. *See* Am. Compl. ¶¶ 45–46 & Ex. C at § 8.6.

[4] As this Court finds venue to be improper in this district and that the interest of justice weighs in favor of transferring the matter, the Court need not consider Defendants' alternative argument for transfer pursuant to 28 U.S.C. § 1404(a).

**IV.     CONCLUSION**

Taking the allegations of Plaintiff's Amended Complaint at face value, it is evident that venue in this district is improper.  Accordingly, for all of the foregoing reasons, the Court will grant the motion of Defendants JM and Douglas to the extent that this matter will be transferred to the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.